# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

WYATT BURY, LLC; BALLPARK INVESTMENTS, LLC, d/b/a Hope & Healing Counseling; WYATT BURY; PAMELA EISENREICH,

*Plaintiffs-Appellants*,

STATE OF MISSOURI ex rel. MISSOURI ATTORNEY GENERAL ANDREW BAILEY,

*Plaintiff*,

v.

CITY OF KANSAS CITY, MISSOURI; JACKSON COUNTY, MISSOURI,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Missouri
Case No. 4:25-cv-00084-RK

## RESPONSE TO MOTION TO CONTINUE ORAL ARGUMENT

MICHAEL K. WHITEHEAD
WHITEHEAD LAW FIRM, LLC
229 S.E. Douglas Street
Suite 210
Lee's Summit, MO 64063
(816) 210-4449
Mike@TheWhiteheadFirm.com

JONATHAN R. WHITEHEAD
LAW OFFICES OF JONATHAN R.
WHITEHEAD, LLC
229 S.E. Douglas Street
Suite 210
Lee's Summit, MO 64063
(816) 398-8305
Jon@WhiteheadLawLLC.com

JONATHAN A. SCRUGGS
BRYAN D. NEIHART
HENRY W. FRAMPTON, IV
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@ADFlegal.org
bneihart@ADFlegal.org
hframpton@ADFlegal.org

JAMES A. CAMPBELL
JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street, NW Suite 600
Washington, DC 20001
(202) 393-8690
jcampbell@ADFlegal.org
jbursch@ADFlegal.org

*Attorneys for Appellants*

## INTRODUCTION

Sequels don't belong on the motion docket. This Court should deny Kansas City's and Jackson County's second motion to avoid oral argument just like it rejected their first motion, filed only days ago.

Earlier this week, the City and County filed a motion to waive the oral argument set for next week. That motion never mentioned any pending or proposed legislation. This Court denied that motion on Wednesday, May 6, 2026. Today, the City and County filed a motion to defer oral argument. The first six paragraphs of their new motion are identical to paragraphs in their first motion. But the City now adds that it introduced legislation to "repeal" its Counseling Ordinance on May 7, 2026—the day after this Court denied the City's motion to waive oral argument. Second Mot. 2. The County, for its part, allegedly intends to introduce similar legislation later this month. For those reasons, the City and County ask this Court to "allow six weeks" before oral argument. *Id.* at 2. It shouldn't. This Court should hold oral arguments, reinstate the Counselors' dismissed claims, and enter the requested injunction immediately after oral argument.

## ARGUMENT

The City and County's request to put off oral argument should be denied because important constitutional rights are at stake in the Counselors' challenge to the City's Public Accommodation Ordinance and the City and County's Counseling Ordinances.

1

**Public Accommodation Ordinance.** The City again ignores that this appeal also involves a free-speech challenge to its Public Accommodation Ordinance. Resp.Oral.Arg.Mot. 2–4. The City has not proposed amending that ordinance in any way that resolves this appeal. That ordinance alone is sufficient reason to hold oral argument as scheduled. *Id.* After all, the district court denied the Counselors' requested injunction and dismissed their underlying claims after analyzing the free-speech issue independent of "*Chiles.*" App.736; R. Doc. 48, at 36 n.26.

What's more, the Counselors face a credible threat of enforcement under that ordinance. App.708–13; R. Doc. 48, at 8–13. The ordinance clearly applies to the Counselors. App.709–11; R. Doc. 48, at 9–11. And the Counselors requested an injunction to stop the City from enforcing the ordinance because they are currently chilling their speech to avoid severe penalties, including jailtime. App.135–37; R. Doc. 9, at 1–3; K.C. Ord. §§ 38-35, 38-101(a), 38-206. Nominal and compensatory damages can redress that chilled speech—but this Court needs to first reinstate their improperly dismissed claims so that the Counselors can pursue that relief. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 292–93 (2021).

So the Counselors still request injunctive relief from the Public Accommodation Ordinance. In awarding that relief, this Court will first need to reinstate their claims. And those claims cannot be moot because the Counselors raised damages claims below.

**Counseling Ordinances.** The motion to defer oral argument on the Counseling Ordinances should be denied for at least six reasons.

*First*, the City and County again do not disavow enforcement of the Counseling Ordinances as written, and those ordinances are still in place. Resp.Oral.Arg.Mot. 4. As written, those ordinances indisputably apply to the Counselors. App.711; R. Doc. 48, at 11 n.6. An injunction now—as requested by this appeal—would stop enforcement.

*Second*, neither the City nor the County guarantees that the legislation will pass. The City did not attach the language of the proposed legislation. And the County says it won't even introduce legislation until May 18, 2026. Second Mot. 2. Nor do the City and County know what the language of the legislation will be *if passed*. In short, the City and County invite the court to delay without knowing: (1) whether the proposals will pass; (2) what the current proposals say; and (3) what the proposals will say in their final form if passed. This Court should decline the invitation. Last-minute speculative contingencies should not trump the Court's oral argument calendar that has been set for about a month.

*Third*, the City and County never acknowledge the Counselors' Fourteenth Amendment claims against the Counseling Ordinances. Resp.Oral.Arg.Mot. 6. *Chiles* did not address that issue. That is an independent claim with independent analysis and relief. App.707; R. Doc. 48, at 7; App.45–50; R. Doc. 1, at 32–37.

*Fourth*, this appeal is not moot now and may never be. The Counseling Ordinances are still in place and still apply to the Counselors. And this Court can still relieve that burden by enjoining their enforcement. The Counselors have also asked this Court to reinstate their free-speech and vagueness challenges to the Counseling Ordinances. And they've alleged nominal and compensable damages based on the chilling effect the Counseling Ordinances have had on them. App.78; R. Doc. 1, at 65. Claims cannot be moot "[i]f there is any chance of money changing hands." *Uzuegbunam*, 592 U.S. at 291 (citation modified). So some court will need to address how the Counseling Ordinances have restricted the Counselors' speech.

*Fifth*, the City and County ask to defer oral arguments for "six weeks." Second.Mot. 2. Six weeks from May 14 is late June. But this Court's last June session ends June 12, so this argument would miss that cut-off. *See* U.S. Court of Appeals for the Eighth Circuit, *Argument Calendars*, https://tinyurl.com/2rpsva3m. Oral arguments don't begin again until late September. U.S. Court of Appeals for the Eighth Circuit, *Oral Argument Dates and Locations 2026-2027 Term of Court*, https://tinyurl.com/5e5drtyx. So the City and County's effective request is to extend oral argument by four months. There is no reason for such an extraordinary delay.

*Sixth*, the Counselors have been suffering irreparable harm from chilling their speech to avoid violating the Counseling Ordinances.

App.45–50; R. Doc. 1, at 32–37. But the City and County agree that *Chiles v. Salazar*, 146 S. Ct. 1010 (2026) controls the analysis here and that the Counseling Ordinances must pass strict scrutiny. Second.Mot. 2. The City and County cannot meet that standard—they gave this Court zero evidence. Reply.Br. 20 ("Their brief does not include a *single* record citation."). So the Counselors are likely to succeed on the merits, and their claims should be reinstated.

On the other preliminary-injunction factors, the City and County waived any irreparable harm argument. Reply.Br. 27. And the City and County have no legitimate interest in enforcing an unconstitutional law. Reply.Br. 27–28. In other words, the Counselors meet all four of the preliminary-injunction factors now.

Rather than acquiescing to the City and County's indefinite delay that relies on speculative events, the better approach is to hold oral argument as scheduled and then immediately grant the Counselors' requested injunctive relief after reinstating their corresponding claims. That approach ensures that the Counselors have protection to help families and children struggling with gender identity and sexuality issues without the threat of government punishment. The City and County can then amend their ordinances—or not—without the Counselors having to continue to restrict their speech in the face of ordinances that violate the First Amendment.

# CONCLUSION

The City and County's motion to defer argument should be denied. Again.

Respectfully submitted,

Dated: May 8th, 2026

/s/Bryan D. Neihart

MICHAEL K. WHITEHEAD
WHITEHEAD LAW FIRM, LLC
229 S.E. Douglas Street
Suite 210
Lee's Summit, MO 64063
(816) 210-4449
Mike@TheWhiteheadFirm.com

JONATHAN R. WHITEHEAD
LAW OFFICES OF JONATHAN R.
WHITEHEAD, LLC
229 S.E. Douglas Street
Suite 210
Lee's Summit, MO 64063
(816) 398-8305
Jon@WhiteheadLawLLC.com

JONATHAN A. SCRUGGS
BRYAN D. NEIHART
HENRY W. FRAMPTON, IV
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@ADFlegal.org
bneihart@ADFlegal.org
hframpton@ADFlegal.org

JAMES A. CAMPBELL
JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690
jcampbell@ADFlegal.org
jbursch@ADFlegal.org

*Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

This response complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,169 words, excluding parts exempted by Fed. R. App. P. 32(f).

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: May 8th, 2026

*/s/ Bryan D. Neihart*
Bryan D. Neihart
Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on May 8th, 2026, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ Bryan D. Neihart*
Bryan D. Neihart
Attorney for Appellants